IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD LEE MOCK,
    Plaintiff,

vs.                                    Case No.:  3:06mc1/MCR/EMT

MERCK & CO., INC.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's "Commercial Notice Within the Admiralty of the Filing of Foreign Judgment Default Under FRCP 55(a)" (Doc. 1).  Plaintiff has paid the filing fee for registration of a foreign judgment.

        Plaintiff states that on May 18, 2005, he filed a "claim" with Defendant demanding damages in the amount of $100,000,000.00 for medical problems allegedly suffered by Plaintiff as a result of his using Vioxx, a drug manufactured by Defendant (*id*. at 1).  Plaintiff states that on June 20, 2005, he sent a "Notice of Non-Response and Opportunity to Cure" to Mr. Raymond V. Gilmartin, President and Chief Executive Officer of Defendant, and provided him thirty days to respond (*id*.).  On July 20, 2005, Plaintiff sent a "Notice of Dishonor" to Mr. Gilmartin, providing him three days to "cure the condition of Fault [sic]" (*id*.).  On October 12, 2005, Plaintiff sent Mr. Gilmartin a "Notarial Protest Certificate" allegedly "documenting" an "administrative judgment" against Defendant in the amount of $300,000,000.00 (*id*. at 1-2).  Plaintiff states that he filed a UCC-1 Financing Statement in the "Florida UCC Office" reflecting Defendant's consent to an "Admiralty Maritime lien filing in the International commercial claim within the Admiralty Administrative Remedy Judgment by Estoppel Agreement for Contract file #ELM05182005" in the amount of $300,000,000.00 (*id*. at 2).

After filing his initial pleading in this case, Plaintiff filed a motion for issuance of default judgment against Defendant (Doc. 2). As grounds for the default judgment, Plaintiff stated that ten days had elapsed since the filing of this action with no payment in satisfaction of the "administrative judgment" by Defendant. Upon review of Plaintiff's pleading, it appears that this court lacks subject matter jurisdiction; therefore, dismissal of this action is warranted.

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed.Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

Upon review of Plaintiff's pleading, the court concludes that Plaintiff has failed to establish a jurisdictional basis for this action. Although federal law provides for the registration of foreign judgments for enforcement, that statute applies only to judgments of other federal courts of appeals, district courts, bankruptcy courts, and the Court of International Trade. *See* 28 U.S.C. § 1963. Furthermore, registration is accomplished by filing a certified copy of the federal judgment. *Id.* In the instant case, Plaintiff does not allege that the "administrative judgment" he obtained against Defendant was a judgment of another federal court, nor has he submitted a certified copy of the alleged judgment. As Plaintiff has failed to allege the existence of a judgment that is enforceable through the federal registration statute, he has failed to demonstrate a jurisdictional basis for this action.

Accordingly, it is respectfully **RECOMMENDED**:

1.	That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

2.	That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 27th day of June 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**